UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                        Plaintiff,

   -v.-                                      5:03-CV-0765
                                                        (NPM /RFT)

ALCAN ALUMINUM CORPORATION,
and RUSSELL MAHLER,

                        Defendants.

---

| APPEARANCES | OF COUNSEL: |
|---|---|
| U.S. DEPARTMENT OF JUSTICE<br>Attorney for Plaintiff<br>Environment & Natural Resources Division<br>P.O. Box 7611<br>Ben Franklin Station<br>Washington, DC 20044 | DAVID L. GORDON, ESQ. |
| U.S. DEPARTMENT OF JUSTICE<br>Attorney for Plaintiff<br>Environment Enforcement Section<br>P.O. Box 7611<br>Ben Franklin Station<br>Washington, DC 20044 | GEORGE A.B. PIERCE, ESQ. |
| OFFICE OF U.S. ATTORNEY- ALBANY<br>Attorney for Plaintiff<br>218 James T. Foley Courthouse<br>445 Broadway<br>Albany, NY 12207-2924 | JAMES C. WOODS, ESQ. |
| U.S. DEPARTMENT OF JUSTICE<br>Attorney for Plaintiff<br>POB 7611<br>Washington, DC 20044-7611 | MARK A. GALLAGHER, ESQ. |

NOVELIS CORPORATION  
Attorney for Defendant,  
Alcan Aluminum Corporation  
P.O. Box 6977  
6060 Parkland Boulevard  
Cleveland, OH  44124-4185

JOHN C. TILLMAN, ESQ.

NOVELIS CORPORATION

Attorney for Defendant,  
Alcan Aluminum Corporation  
P.O. Box 6977  
6060 Parkland Boulevard  
Cleveland, OH  44124-4185

MARK DOUGLAS KINDT, ESQ.

NEAL P. McCURN, Senior District Court Judge

<u>MEMORANDUM-DECISION AND ORDER</u>

**I.  Introduction**

The United States of America ("Plaintiff") brings this action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, as amended ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, seeking a recovery of response costs pursuant to § 107(a) of the Act.  Plaintiff seeks payment from defendants Alcan Aluminum Corporation ("Alcan") and Russell Mahler ("Mahler") (collectively, "Defendants") for reimbursement of costs incurred by Plaintiff with respect to the Quanta Resources Superfund Site ("Quanta") located at 2802-2810 Lodi Street in Syracuse, New York, together with accrued interest.  The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 9607 and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

Currently before the Court is Plaintiff's Motion for Default Judgment (Dkt. No. 27, "Motion") against Mahler as to liability, pursuant to Rule 55(b)(2) of the Federal Rules.  Plaintiff reserves its request for a default judgment on damages.  For the reasons set forth below, Plaintiff's Motion will be granted.

**II.    Background**

Familiarity with the procedural history and facts of this litigation is presumed, pursuant to the Court's recent ruling on Plaintiff's Motion for Summary Judgment against Alcan (Dkt. No. 43), and only the pertinent facts necessary to resolve the instant Motion follow.  Plaintiff filed its complaint against Defendants on June 19, 2003. (Dkt. No. 1.) Mahler was personally and timely served, as evidenced by the affidavit of service attached to Plaintiff's Motion, but Mahler failed to plead or otherwise raise a defense as provided for in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Plaintiff filed an application for entry of default against Mahler on December 8, 2003 (Dkt. No. 9), with certification attached that Mahler was served with notice of the application via first class mail.  The Clerk of the Court entered a default as to Mahler on that date.

On August 6, 2004, the Court granted leave to both Plaintiff and Alcan to depose Mahler during the time Mahler was confined in a federal prison on charges unrelated to this civil action. (Dkt. Nos. 12,13.)  Mahler was deposed on Thursday, October 14, 2004 at Federal Medical Center (FMC) Devens, 42 Patton Road, Devens, Massachusetts.[1]  The

---

[1]    See Plaintiff's Motion for Summary Judgment (Dkt. No. 28), Attachment 6, Exhibit 1 to Declaration of Mark A. Gallagher.  FMC Devens is an administrative facility of the

deposition process served as further notice to Mahler of the litigation against him. At no point in time, from the date Plaintiff filed the complaint in this action to the present, has Mahler made any attempt to plead or to raise a defense in this action.

### III.     Discussion

#### A. Standard for Default Judgment

Fed. R. Civ. P. Rule 55(a) states in pertinent part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a) (West 2006). "The procedural steps contemplated by the Federal Rules ... following a defendant's failure to plead or defend ... begin with the entry of a default upon a plaintiff's request." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made ..., and no hearing is needed to ascertain damages, judgment by default may be entered by the court, or, if the defendant has not appeared, by the clerk. " Id.

To relieve a party from default, the district court must consider all of the following factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Commercial Bank of Kuwait

---

Federal Bureau of Prisons ("BOP"), housing male offenders requiring specialized or long-term medical or mental health care. See BOP website, www.bop.gov (2006). Ironically, FMC Devens is located at the former Fort Devens Superfund site. See www.epa.gov/superfund (2006).

v. Rafidain Bank, 15 F.3d 238, 243 (2d Cir. 1994).  "The disposition of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).

Judgment by default is one of the most severe sanctions which the court may apply, and "its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited.  However, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice, the application of even so stringent a sanction is fully justified and should not be disturbed." Trans World Airlines, Inc. v. Hughes, 332 F.2d 602, 614 (2d Cir. 1964).

"[C]oncerns regarding the protection of a litigant's rights are heightened when the party held in default appears *pro se*.  A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation, and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge." Enron Oil Corp., 10 F.3d at 96. "Hence, as a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se.*"  It is important that the district court explain its reasoning in granting a default judgment or denying a motion

5

to vacate under these circumstances. "The absence of an explanation defeats intelligent appellate review." Id.

### B.     Application of the Law to the Facts of this Case

As a threshold matter, the Court notes that Mahler has not filed a *pro se* appearance in this case, nor has counsel for Mahler filed an appearance. Keeping in mind the heightened consideration afforded a *pro se* litigant, the Court is mindful of its obligation to grant a default judgment sparingly in a situation where, as here, the defaulting party is not represented by counsel.

The Court discerns that Mahler has had sufficient notice of the present litigation. In addition to personal service of the complaint on Mahler at the inception of this litigation, every relevant document which has been filed with the Court has been sent via first-class mail to Mahler at his Connecticut and/or his Florida address. In addition, the record shows that Plaintiff was in contact with Mahler during his incarceration in Massachusetts.[2]

The Court also considers the effect of Mahler's incarceration on his ability to respond to the complaint or to move to set aside the default. The record is unclear about the dates of Mahler's incarceration, but the Court notes that in the event Mahler has been

---

[2] Such contact was made known to the Court by the above-referenced request to depose Mahler by Plaintiff and Alcan. See Dkt. Nos. 12, 13.

unable to obtain outside legal representation, legal services are available to prison inmates, albeit on a limited basis.  Mahler, as the record reveals, is not a stranger to litigation, and there has never been any contention in prior litigation that he was unable to understand the legal process or the complaints against him.  On July 19, 2004, Mahler wrote to Plaintiff from prison (responding to Plaintiff's prior letter), providing Plaintiff with scheduling information for the proposed deposition. (Dkt. No. 12 at 3.)   The Court opines that despite his incarceration, Mahler could have filed a *pro se* appearance in this matter if he had so chosen.  In the alternative, Mahler could have moved to set aside the entry of default for good cause, pursuant to Fed. R. Civ. P. Rule 55(c).

The Court finds that Mahler has willfully and deliberately failed to plead or defend his interest in this case.  Setting the default aside is not at issue in the case at bar because it has not been requested by the defaulting party, nor has any meritorious defense been presented.  Accordingly, default judgment on liability will enter against Mahler.

## IV. Conclusion

For the reasons set forth above, the Court hereby GRANTS Plaintiff's Motion for Default Judgment on the issue of CERCLA liability, reserving Plaintiff's request for a default judgment on damages.

SO ORDERED.

May 2, 2006

_____
Neal P. McCurn
Senior  U.S. District Judge