UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                              Plaintiff,

      -v.-                                        5:03-CV-0765
                                                        (NPM /RFT)

ALCAN ALUMINUM CORPORATION,
and RUSSELL MAHLER,

                              Defendants.

---

APPEARANCES:                            OF COUNSEL:

U.S. DEPARTMENT OF JUSTICE        DAVID L. GORDON, ESQ.
Attorney for Plaintiff
Environment & Natural Resources Division
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044

U.S. DEPARTMENT OF JUSTICE        GEORGE A.B. PIERCE, ESQ.
Attorney for Plaintiff
Environment Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044

OFFICE OF U.S. ATTORNEY- ALBANY    JAMES C. WOODS, ESQ.
Attorney for Plaintiff
218 James T. Foley Courthouse
445 Broadway
Albany, NY 12207-2924

U.S. DEPARTMENT OF JUSTICE        MARK A. GALLAGHER, ESQ.
Attorney for Plaintiff
POB 7611
Washington, DC 20044-7611

| | |
|---|---|
| NOVELIS CORPORATION | JOHN C. TILLMAN, ESQ. |
| Attorney for Defendant, | |
| Alcan Aluminum Corporation | |
| P.O. Box 6977 | |
| 6060 Parkland Boulevard | |
| Cleveland, OH  44124-4185 | |
| | |
| NOVELIS CORPORATION | MARK DOUGLAS KINDT, ESQ. |
| Attorney for Defendant, | |
| Alcan Aluminum Corporation | |
| P.O. Box 6977 | |
| 6060 Parkland Boulevard | |
| Cleveland, OH  44124-4185 | |

NEAL P. McCURN, Senior District Court Judge

### MEMORANDUM-DECISION AND ORDER

**I.    Introduction**

The United States of America ("Plaintiff") brings this action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, as amended ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, seeking a recovery of response costs pursuant to § 107(a) of the Act.  Plaintiff seeks payment from defendants Alcan Aluminum Corporation ("Alcan") and Russell Mahler ("Mahler") for reimbursement of costs incurred by the United States with respect to the Quanta Resources Superfund Site ("Quanta") located at 2802-2810 Lodi Street in Syracuse, New York, together with accrued interest.  The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 9607 and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

Currently before the Court are Alcan's Motions in Limine to exclude the expert

testimony of Dr. Eugene Meyer (Dkt. No. 25) and James J. Kohanek (Dkt. No. 26).  For the reasons set forth below, these motions will be denied.

## II.     Discussion

The Court assumes familiarity with the facts of this case pursuant to the Memorandum Decision and Order (Dkt. No. 43) issued on May 2, 2006 on Alcan's Motion for Summary Judgment (Dkt. No. 28).   On June 7, 2006, the parties filed a letter motion (Dkt. No. 45) requesting, *inter alia*, that the Court alter its decision and order that the trial on the government's claims against Alcan be held before the Court and not before a jury.  The Court granted the request (Dkt. No. 46).

In considering Alcan's motions in limine to exclude expert testimony, the Court looks to the seminal cases of Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999).  In Daubert, "the Supreme Court instructed that the Federal Rules of Evidence require the trial court to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.  The subsequent decision in Kumho Tire makes clear that this gate-keeping function applies not just to scientific expert testimony as discussed in Daubert, but also to testimony based on technical and other specialized knowledge." Brooks v. Outboard Marine Corp., 234 F.3d 89, 91 (2d Cir. 2000) (internal quotations omitted).

The Court is afforded considerable discretion in its gate-keeping function under Daubert.  "Well reasoned opinions are concluding, consistent with [the Supreme Court's] holding in Daubert, that the federal rules wisely allow district judges to exercise broad

discretion when evaluating the admissibility of scientific evidence." U.S. v. Scheffer, 523 U.S. 303, 318-322 (1998).  However, "Daubert quite clearly forbids trial judges to assess the validity or strength of an expert's scientific conclusions, which is a matter for the jury." General Electric Co. v. Joiner, 522 U.S. 136, 154 (1997).

At trial in the case at bar, the Court will be the trier of fact, and consequently will not have to function as a gate-keeper for a jury.  Using the discretion given to it, the Court will parse and evaluate the evidence as it comes in.  Accordingly, the Court will deny Alcan's motions in limine, and will allow the testimony of Dr. Meyer and Mr. Kohanek to come in for its weight and worth.

### III. Conclusion

For the reasons stated above, Alcan's motions in limine are hereby DENIED.  The Court will set this matter down for a pretrial conference on August 15, 2006 at 2:00pm in the United States District Court at Syracuse, New York to discuss possible settlement positions, further scheduling of pretrial submissions, and pretrial order.

SO ORDERED.

June 9, 2006

*[signature]*

Neal P. McCurn
Senior U.S. District Judge