UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ALCAN ALUMINUM CORPORATION,<br>　and RUSSELL MAHLER,<br>　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)　　No. 03-CV-765 (NPM)<br>)<br>)<br>)<br>)<br>) |

**CONSENT DECREE**

TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 1 |
| III. | PARTIES BOUND | 1 |
| IV. | DEFINITIONS | 1 |
| V. | REIMBURSEMENT OF RESPONSE COSTS | 3 |
| VI. | FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE | 3 |
| VII. | COVENANT NOT TO SUE BY PLAINTIFF | 4 |
| VIII. | COVENANT NOT TO SUE BY SETTLING DEFENDANT | 5 |
| IX. | EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION | 6 |
| X. | RETENTION OF RECORDS | 6 |
| XI. | NOTICES AND SUBMISSIONS | 8 |
| XII. | RETENTION OF JURISDICTION | 9 |
| XIII. | INTEGRATION/APPENDICES | 9 |
| XIV. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 9 |
| XV. | SIGNATORIES/SERVICE | 9 |
| XVI. | FINAL JUDGMENT | 10 |

## I. BACKGROUND

A.  The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607, seeking reimbursement of response costs incurred and paid for response actions taken at or in connection with the release or threatened release of hazardous substances at the Quanta Resources Superfund Site on Lodi Street in Syracuse, New York ("Site").

B.  The defendant that has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the complaints.

C.  EPA does not anticipate that it will incur further cleanup costs at the Site.

D.  The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.  This Consent Decree is binding upon the United States and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA

shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

"Effective Date" shall mean the effective date of this Consent Decree as provided in Paragraph 32.

"EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and the Settling Defendant.

"Past Response Costs" shall mean all costs including, but not limited to, direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through the date of lodging of this Consent Decree.

"Plaintiff" shall mean the United States.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean Novelis Corporation, formerly known as Alcan Aluminum Corporation.

"Site" shall mean the Quanta Resources Superfund Site, encompassing approximately 0.75 acres, located on Lodi Street in Syracuse, New York. The Site is more clearly depicted on the map attached as Appendix A.

"United States" shall mean the United States of America, including it departments, agencies and instrumentalities.

## V. REIMBURSEMENT OF RESPONSE COSTS

4.  Payment of Past Response Costs. Settling Defendant shall pay to the United States $2,011,832 (the "Settlement Amount") in accordance with this paragraph. Settling Defendant shall pay the Settlement Amount to the United States in five equal installments of $412,465, which includes interest on the Settlement Amount calculated at 5.02 percent per annum accruing from the Effective Date, amortized over the payment period. Settling Defendant shall make the first installment payment within 30 days of the Effective Date and shall make each installment payment quarterly thereafter.

5.  Procedures for Payment.

    a.  Settling Defendant shall make payments pursuant to Paragraph 4 by FedWire Electronic Funds Transfer ("EFT") in accordance with current EFT procedures to the U.S. Department of Justice account in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Northern District of New York. Such payment shall reference the USAO File No. 2007V00409, EPA Region II, Site/Spill identifier 025X and DOJ Case No. 90-11-3-848/2.

    b.  Any payments received by the United States after 4:00 p.m. Eastern Time shall be credited on the next business day. Within seven days of each payment, Settling Defendant shall send notice to EPA, DOJ, the EPA Cincinnati Finance Office and the Regional Financial Management Officer in accordance with Paragraph 23, and by email to acctsreceivable.cinwd@epa.gov, that payment has been made. The notice shall reference the date of the EFT, the payment amount, the name of the Site, Settling Defendant's name and address, the USAO File Number, the Site/Spill identifier and the DOJ Case Number.

## VI. FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

6.  Interest on Late Payments. In the event that the payment required by Paragraph 4 (Payment of Past Response Costs) or Paragraph 7 (Stipulated Penalty), are not received when due, Interest shall continue to accrue on the unpaid balance through the date of payment.

7.  Stipulated Penalty.

    a.  If any amounts due under Paragraph 4 are not paid by the required date, Settling Defendant shall pay to EPA as a stipulated penalty, in addition to the Interest required by Paragraph 6, $1,000 per day that such payment is late.

   b. Stipulated penalties are due and payable within 30 days of the date of the written demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be made by official bank check made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

> EPA Region 2
> Superfund Accounting
> P.O. Box 360188M
> Pittsburgh, PA 15251

All payments shall indicate that the payment is for stipulated penalties and shall reference Settling Defendant's name and address, the EPA Region and Site/Spill identifier, the USAO File No., and the DOJ Case Number. Copies of check(s) paid pursuant to this Paragraph, and any accompanying transmittal letter(s), shall be sent to EPA, DOJ, the EPA Cincinnati Finance Office and the Regional Financial Management Officer as provided in Paragraph 23, and by email to acctsreceivable.cinwd@epa.gov.

   c. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a written demand for payment, but need only be paid upon written demand. All penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

  8. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

  9. Payments made under Paragraphs 6 through 8 shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

  10. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. COVENANT NOT TO SUE BY PLAINTIFF

  11. <u>Covenant Not to Sue by United States</u>. Except as specifically provided in Paragraph 12, the United States covenants not to sue Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Past Response Costs) and any amount due under

Section VI (Failure to Comply with Requirements of Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

12. <u>Reservation of Rights by United States</u>. The covenant not to sue set forth in Paragraph 11 does not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all other matters, including but not limited to:

    a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

    c. criminal liability;

    d. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606; and

    e. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs.

### VIII. COVENANT NOT TO SUE BY SETTLING DEFENDANT

13. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

    a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

    b. any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of New York, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

    c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

14. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

15. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action that it may have for all matters relating to the Site, including for

contribution, against any person that has entered into a final *de minimis* settlement under Section 122(g) of CERCLA, 42 U.S.C. § 9622(g), with EPA with respect to the Site as of the Effective Date. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against the Settling Defendant.

### IX. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

16. Except as provided in Paragraph 15, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Paragraph 15, each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

17. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" are Past Response Costs and all response costs incurred at or in connection with the Site through the Effective Date by any other person.

18. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within ten days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within ten days of service or receipt of any Motion for Summary Judgment, and within ten days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

19. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Paragraph 11.

### X. RETENTION OF RECORDS

20. Until seven years after the Effective Date, Settling Defendant shall preserve and retain all records, documents, reports or information (hereinafter referred to as

6

"Records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, other than Records prepared by the U.S. Department of Justice, the U.S. Environmental Protection Agency or third parties under contract to either agency, regardless of any corporate retention policy to the contrary.

21.   After the conclusion of the document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, Settling Defendant shall deliver copies of any such Records to EPA. Settling Defendant may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: (a) the title of the Record; (b) the date of the Record; (c) the name and title of the author of the Record; (d) the name and title of each addressee and recipient; (e) a description of the subject of the Record; and (f) the privilege asserted. However, no Record created or generated pursuant to the requirements of this or any other consent decree with the United States shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a Record, the Record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendant shall retain all Records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in Settling Defendant's favor.

22.   By signing this Consent Decree, Settling Defendant certifies that, to the best of its knowledge and belief, it has:

    a.   conducted a thorough, comprehensive, good faith search for Records and has fully and accurately disclosed to EPA all Records currently in its possession, or in the possession of its officers, directors, employees, contractors or agents, which relates in any way to the ownership, operation or control of the Site, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant or contaminant at or in connection with the Site;

    b.   not altered, mutilated, discarded, destroyed or otherwise disposed of any Records relating to its potential liability regarding the Site, after notification of potential liability or the filing of a suit against the Settling Defendant regarding the Site; and

    c.   fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

## XI. NOTICES AND SUBMISSIONS

23. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ and Settling Defendant, respectively.

*As to DOJ:*

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-11-3-848/2

*As to EPA:*

Eric Wilson
Special Assistant to the Director
Emergency and Remedial Response Division
U.S. EPA, Region 2
290 Broadway, 19th Floor
New York, NY 10007-1866

Henry Guzmán
Office of Regional Counsel
U.S. EPA, Region 2
290 Broadway, 17th Floor
New York, NY 10007-1866

*EPA Cincinnati Finance Office:*

EPA Cincinnati Finance Office
26 Martin Luther King Drive
Cincinnati, Ohio 45268

*Regional Financial Management Officer:*

Comptroller, Financial Management Branch
U.S. EPA Region 2
290 Broadway, 17th Floor
New York, NY 10007-1866

*As to Settling Defendant:*

General Counsel
Novelis Corporation
6060 Parkland Boulevard
Cleveland, OH 44124-4185

8

## XII. RETENTION OF JURISDICTION

24. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIII. INTEGRATION/APPENDICES

25. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is a map of the Site.

## XIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

26. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

27. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV. SIGNATORIES/SERVICE

28. The undersigned representative of Settling Defendant and the Deputy Chief of the Environmental Enforcement Section of the Environment and Natural Resources Division of the United States Department of Justice, each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

29. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

30. Settling Defendant hereby designates its General Counsel as the agent who is authorized to accept service of process by mail on behalf of Settling Defendant with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVI. FINAL JUDGMENT

31. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

32. The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

SO ORDERED THIS 23rd DAY OF August 2007.

_____
Neal P. McCurn
United States District Judge

10

Consent Decree in matter of *United States v. Alcan Aluminum Corporation*, regarding the Quanta Resources Superfund Site.

FOR THE UNITED STATES OF AMERICA:

_7/6/07_  
Date

/s/  
BRUCE S. GELBER  
Section Chief  
Environmental Enforcement Section  
Environment and Natural Resources Division  
U.S. Department of Justice  
Washington, D.C. 20044-7611

_7/10/07_  
Date

/s/  
MARK A. GALLAGHER  
DAVID GORDON  
Environmental Enforcement Section  
Environment and Natural Resources Division  
U.S. Department of Justice  
Washington, D.C. 20044-7611

GLENN T. SUDDABY  
United States Attorney for the  
Northern District of New York

JAMES WOODS  
Assistant United States Attorney  
James Foley Building  
445 Broadway  
Albany, New York 12207

11

Consent Decree in matter of *United States v. Alcan Aluminum Corporation*, regarding the Quanta Resources Superfund Site.

| | |
|---|---|
| _5/24/07_ | _/s/_ |
| Date | GEORGE PAVLOU |
| | Director |
| | Emergency and Remedial Response Division |
| | U.S. Environmental Protection Agency |
| | Region 2 |
| | 290 Broadway |
| | New York, NY 10007-1866 |

Consent Decree in matter of *United States v. Alcan Aluminum Corporation*, regarding the Quanta Resources Superfund Site.

FOR NOVELIS CORPORATION:

| | |
|---|---|
| 5/22/07 | /s/ |
| Date | Charles R. Aley |
| | Vice President, General Counsel and Secretary |
| | Novelis Corporation |
| | 6060 Parkland Blvd. |
| | Cleveland, Ohio 44124 |